## ANDREW NEILL v. T. J. KEESE, ADM'R.

Where two parties agreed to purchase certain land, and one purchased it for both, with their joint funds, and took the deed in his own name, it was held that he was the trustee in equity of the other to the amount of his share.

Appeal from Gonzales.

*J. Ireland* and *W. B. Leigh*, for appellant.

*J. J. Thornton*, for appellee.

This suit was brought by the appellee as administrator, to

recover certain parcels of land from the possession of the appellant. There was a verdict and judgment for the plaintiff, in the Court below; a motion for a new trial, which was overruled, from which appellant appealed to this Court. Among other defences to the suit in the Court below, the defendant set up a right to one half the land as a resulting trust. From the statement of facts, it appears that it was proven that the land was purchased in the name of the plaintiff's intestate, but with the joint funds of the intestate and the defendant, Neill, for them jointly; and it was proven that Neill paid his full proportion of the purchase money. There was no conflict of testimony. This evidence would only have authorized a verdict for the plaintiff for his intestate's share of the land, and no more, as it cannot be questioned at this day, in this Court, that a parol trust can be supported. The plaintiff's intestate held the defendant's share of the land in trust, which trust will be enforced. This is not a case within the statute of frauds. At the time the contract between the intestate was made with Neill, to purchase on joint account, neither of them owned the land, and its being purchased afterwards, by the intestate, in his own name, with the joint funds, constitute him, in equity, a trustee for Neill, to the amount of Neill's share. Because, therefore, the verdict of the jury, finding in favor of the plaintiff below for the whole of the land, is without evidence, it is reversed and the cause remanded.

Reversed and remanded.